FILED
01 JAN -9 PM 1:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Carl Puckett, et al.,** ] | |
| ] | |
| Plaintiff(s), ] | |
| ] | |
| vs. ] | CV-00-N-1968-S |
| ] | |
| **Massachusetts General Life** ] | |
| **Insurance Company, et al.,** ] | |
| ] | |
| Defendant(s). ] | |

**ENTERED**
JAN 0 9 2001

# Memorandum of Opinion

## I.     Introduction

The court has for consideration two related motions, the first being plaintiff's Motion to Remand (Doc. 6), and the second being defendant Dewell Crumpton's ("Crumpton") Motion to Reconsider (Doc. 10). The determination of both these motions turns in large part upon whether Crumpton is properly joined as a defendant in this action and whether the plaintiff has alleged a viable cause of action against him. If Crumpton is properly joined as a defendant, then this case should be remanded to state court because diversity jurisdiction is not present. If Crumpton is dismissed, however, then there is complete diversity and this court should retain jurisdiction. Resolution of the motion to remand may also turn on whether the defendants timely removed the case to this court. For the reasons stated below, the plaintiff's Motion to Remand will be **GRANTED** and Crumpton's Motion to Reconsider the denial of his earlier motion to dismiss the claims against him will be **DENIED**.



## II.     Statement of Facts

Plaintiffs Carl and Mary Puckett (the "Pucketts") allege various charges of misrepresentation against Massachusetts General Life Insurance Company[1] ("Mass. Life") and Crumpton. As to Crumpton, the Pucketts allege that Crumpton "approached the Plaintiffs about purchasing life insurance" (Compl. ¶ 7) and in doing so, misrepresented and suppressed material facts about the policies. The plaintiffs claim they relied on the "false representations" and purchased the policies. (Compl. ¶ 8). Allegedly,

> Defendants represented to Plaintiffs that the life insurance policies that Plaintiffs were purchasing would only require the current premiums for five (5) years, and that after that time, the policyholder would have the option of paying the same premium and the policy would continue for 25 years, or pay the reduced premium and the policy would last for 15 more years. Defendants represented that if the Plaintiffs chose the reduced premium option, the accumulated cash value would sustain the lower premiums.

(Compl. ¶ 7). When Mass. Life refused to lower the premiums at the end of the five-year period, the Pucketts brought the present suit. An unusual twist associated with this action is that plaintiff Carl Puckett was himself a licensed agent to sell insurance for Mass. Life and, in fact, is listed as the selling agent for his own and his wife's policies. Presumably, one might reasonably question whether Mr. Puckett could have, in these circumstances, reasonably relied on representations allegedly made to him by Crumpton.

The Pucketts originally filed this case in the Circuit Court of Jefferson County, Alabama, on July 23, 1999. The defendants removed it here on July 14, 2000, one year, less one week, later. In their removal petition, defendants claimed that this court had diversity jurisdiction, despite the fact that both the Pucketts and Crumpton are residents of Alabama.

---

[1] Mass. Life changed its name to Conseco Life in 1997.

This arises from their assertion that the plaintiffs fraudulently joined Crumpton to the suit in order to defeat federal diversity jurisdiction. The defendants therefore urge the court to disregard the Puckett's claims against Crumpton and uphold the removal. Similarly, Crumpton asserts he was fraudulently joined and that all claims against him should be dismissed.

### III.     Fraudulent Joinder

#### A.     Lack of Complete Diversity

Diversity jurisdiction cannot exist unless there is complete diversity of citizenship between the plaintiffs and all defendants. 28 U.S.C. § 1332. In other words, if parties on opposite sides of an action are each residents of the state in which the action is pending, there is no federal diversity jurisdiction. If a non-diverse party was fraudulently joined, however, the non-diverse party may be dismissed, leaving the federal court with diversity jurisdiction.

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d 1353 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is even a possibility that a state court would find that the complaint states a cause of

3

> action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41 (emphasis added). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. . . .

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). Further, "[t]he burden of the removing party is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). Finally, "[t]o determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.*

In the case at hand, the defendants rely solely upon the proposition that there is no possibility that the plaintiff can prove a cause of action against Crumpton because Carl Puckett was the selling agent on the policies. To determine the validity of defendant's argument, the court must examine the allegation made by the plaintiffs against Crumpton. The pleadings appear to state a claim against Crumpton under Alabama law for fraudulent misrepresentation. "The elements of fraudulent misrepresentation are well settled: (1) a false representation; (2) of a material fact; (3) that is justifiably relied upon; and (4) damage proximately caused by the plaintiff's reliance." *Cunningham v. H.A.S., Inc.*, 74 F. Supp. 2d 1157, 1162 (M.D. Ala. 1999). Given the facts of this case, it is possible that the plaintiffs can prove a cause of action against Crumpton for fraudulent misrepresentation. The court fails to see why the simple fact that Carl Puckett was the selling agent on the policy defeats, as a matter of law, his claim of fraudulent misrepresentation. As noted above, Mr. Puckett may face a significant hurdle to convince a jury that he, a licensed agent himself, reasonably

4

relied on the representations of another agent. That, however, is a question of fact which Mr. Puckett is entitled to have heard and decided by a jury.

### B.     Failure to Prosecute

Defendants also allege that plaintiffs' failure to prosecute its case against Crumpton requires this court to find the joinder of Crumpton fraudulent. As evidence of this fraudulent joinder, defendants allege that it took Crumpton over four months to respond to plaintiff's complaint, and Crumpton did not file an answer until recently.[2] Moreover, plaintiffs failed to seek a default judgment against Crumpton. The defendants cite *Wilson v. Republic Iron & Steel Company*, 257 U.S. 92 (1921), for the proposition that a failure to prosecute indicates the defendant is fraudulently joined.

The facts in *Wilson* are very different than the facts in the case at bar. In *Wilson*,

> the plaintiff had brought an earlier action in the District Court against [one of the defendants] alone to recover for the same injuries and on the trial had taken a voluntary nonsuit because it appeared that he probably could not recover in that court on the evidence presented; [additionally,] soon thereafter the present action, with the coemployee joined as a defendant, was begun in the state court; [further,] the plaintiff personally and intimately knew every person who could by any possible chance have caused his injuries and knew the coemployee was not in any degree whatsoever responsible therefor; and . . . as the plaintiff well knew all along, the coemployee was not guilty of any joint negligence with the employer, was not present when the plaintiff's injuries were received, and did no act or deed which caused or contributed to such injuries.

*Id.* at 94. In this case, the only allegation of any moment is that in the four months that passed between service of process on Crumpton and his first appearance before the court, the plaintiffs failed to seek a default judgment.

---

[2] Crumpton filed a motion to dismiss on January 14, 2000, according to the defendants.

5

## IV.   Timeliness of Removal

Under the provisions of 28 U.S.C. § 1446 (b),

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The initial pleading, the complaint, clearly stated the basis upon which the defendants later removed. Therefore, the defendants should have removed in accord with the first paragraph of 28 U.S.C. § 1446 (b). Plaintiffs allege in the complaint that Crumpton "approached" them about the policy and misrepresented the policy to them. No where in the complaint do the plaintiffs state that Crumpton sold the policy to the Pucketts. In fact, the documents listing Carl Puckett as the writing agent undisputedly were submitted to Mass. Life in 1993. Therefore, it could have determined at the time the lawsuit was filed that it wished to remove the case; the deposition of Puckett only made it quite obvious that Puckett was the writing agent on his own policy. The defendants removed this case almost a year after they should have attempted removal. As a result, the removal of this case was untimely and will be remanded.

6

## V. Conclusion

For the foregoing reasons, the plaintiff's Motion to Remand is **GRANTED** and defendant Crumpton's Motion for Reconsideration is **DENIED**. Costs associated with the removal will be taxed against the removing defendant and in favor of the plaintiffs. An appropriate order will be entered contemporaneously with this opinion.

Done, this 9th of January, 2001.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE